Larry Zerner (SBN 155473)

Law Offices of Larry Zerner

1801 Century Park East, Ste. 2400

Los Angeles, CA 90067

(310) 773-3623

Email: Larry@ZernerLaw.com

Attorneys for Plaintiff Shamar Deal

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMAR DEAL,<br><br>            Plaintiff,<br><br>      vs.<br><br>GERALD HENRY aka GERREAUX KATANA pka "GERREAUX", an individual, MARCELLUS RAYVON REGISTER pka "BABYFACE RAY", an individual, DION MARQUISE HAYES pka "42 DUGG", an individual, TAMIA MONIQUE CARTER pka "FLO MILLI",  SONY MUSIC ENTERTAINMENT, a Delaware corporation, EMPIRE DISTRIBUTION, INC., a business entity form unknown, and DOES 1-10, Inclusive,<br><br>            Defendants | Case No.: 2:25-CV-05872<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL<br>(F.R.C.P. Rule 38) |

Complaint

1    1.    Plaintiff Shamar Deal is a song writer, recording and performing artist.

Defendant Gerreaux is a music producer and composer.  In 2019, Plaintiff entered

into a written license agreement with Gerreaux in which Plaintiff obtained the

exclusive right to use a beat composed by Gerreaux titled "Youu" ("the

Composition") in recorded music for a 10 year period (until September 2029).

2.    Despite the fact that Gerreaux granted Deal the exclusive license to the

Composition, in 2023, Gerreaux licensed the Composition to the recording artists

Babyface Ray and 42 Dugg, who used the Composition as the foundation for their

track titled "Ron Artest."  Empire Distribution distributed "Ron Artest."

3.    The recording artist Flo Milli then incorporated the Composition beat (as a

sample from "Ron Artest") in her track titled "Never Lose Me."  Gerreaux,

Babyface Ray and 42 Dugg are listed as songwriters on "Never Lose Me." Sony

Music Entertainment distributed "Never Lose Me."

4.    As Plaintiff currently holds the exclusive right to the Composition, the

incorporation of the Composition in "Ron Artest" and "Never Lose Me"

constitutes copyright infringement of Deal's exclusive right in the Composition

track.  Deal brings the current lawsuit to recover damages for the violation of his

copyright.

Complaint

## II.    **THE PARTIES**

2.    Plaintiff is an individual living in Baltimore, Maryland and is a song writer, recording and performing artist.

3.    Upon information and belief, Defendant Marcellus Rayvon Register is a recording artist, composer and performer who operates under the stage name "Babyface Ray." Upon information and belief, Mr. Register currently resides in Detroit, Michigan.

4.    Upon information and belief, Defendant Dion Marquise Hayes is a recording artist, composer and performer who operates under the stage name "42 Dugg." Upon information and belief, Mr. Hayes currently resides in Detroit, Michigan.

5.    Upon information and belief, Defendant Tamia Monique Carter is a recording artist, composer and performer who operates under the stage name "Flo Milli." Upon information and belief, Ms. Carter currently resides in Mobile, Alabama.

6.    Upon information and belief, Defendant Sony Music Entertainment is a Delaware corporation with its principal place of business located in New York City, New York and has offices in Burbank, CA.

Complaint

7.      Upon information and belief, Defendant Empire Distribution, Inc. is a California corporation with its principal place of business located in San Francisco, California.

8.      Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities, and capacities when Plaintiff ascertains them. The Doe defendants and the known Defendants are referred to hereinafter collectively as "Defendants."

<u>JURISDICTION AND VENUE</u>

9.      The present action arises under the Copyright Act, Title 17, Section 101, <u>et seq</u>., of the United States Code.

10.     Jurisdiction is conferred on this Court by 28 U.S.C. Section 1338(a).

Complaint

11.     Venue lies in the Central District of California under 28 U.S.C § 1391(a) and (b) and 28 U.S.C. Section 1400(a).

### FACTS COMMON TO CLAIMS OF RELIEF

12.     Upon information and belief, in or about 2019, Defendant Gerreaux composed the recording titled "Youu."

13.     Youu was registered with the U.S. Copyright Office in 2025, receiving registration number SR 1-035-649, with an effective date of registration of April 11, 2025.

14.     Upon information and belief, in or about 2019, Gerreaux placed the Composition on Traktrain.com, a website that allows musicians to buy and sell music.

15.     On September 23, 2019, Plaintiff, through the Traktrain.com website, entered into a written license agreement with Gerreaux.  Under the terms of the Agreement, Plaintiff acquired a 10 year exclusive license to record vocals synchronization to the Composition to create a master recording and to use that master recording

16.     As the owner of the exclusive license, only Plaintiff could use the Composition to create new recordings during the term of the license. However,

Complaint

despite the fact that Plaintiff held this exclusive right, upon information and belief, Gerreaux licensed the Composition to Defendants Register and Hayes, who used it as the underlying beat in their song titled "Ron Artest."

17.    Ron Artest was very successful, earning over 96 million streams on Spotify and over 16 million views on YouTube to date.

18.    Subsequently, upon information and belief, Gerreaux, Register and Hayes, licensed a sample of Ron Artest, which prominently featured the Composition, to Defendant Carter, who used it to create a new composition titled "Never Lose Me."

19.    Carter created at least 6 versions of "Never Lose Me" titled

   a.  Never Lose Me

   b.  Never Lose Me – Slowed

   c.  Never Lose Me – Sped Up

   d.  Never Lose Me (feat. Lil Yachty)

   e.  Never Lose Me (feat. Bryson Tiller)

   f.  Never Lose Me (feat. SZA & Cardi B)

20.    These six versions of "Never Lose Me," all of which incorporate the Composition, are even more successful than "Ron Artest," to date collectively

earning approximately 650 million streams on Spotify and over 50 million views on YouTube.

21.    Defendants Gerreaux, Register and Hayes are all identified as co-songwriters on "Never Lose Me."

22.    At no point did Plaintiff give Defendants or anyone else permission to incorporate the Composition into "Ron Artest" or any version of "Never Lose Me."

23.     Upon information and belief, "Ron Artest" and "Never Lose Me" are generally available to the public for listening on all of the major music platforms, including Spotify, iTunes Music, and YouTube Music.

24.     Upon information and belief, Defendants Gerreaux, Register and Hayes entered into a distribution agreement with Empire Distribution to distribute "Ron Artest" and it is Empire Distribution which has distributed "Ron Artest" and placed it on the various music platforms.

25.     Upon information and belief, Defendants Gerreaux, Register, Hayes, and Carter entered into a distribution agreement with Sony to distribute the various versions of "Never Lose Me" and it is Sony which has distributed the various versions of "Never Lose Me" and placed it on the various music platforms.

Complaint

26.     Defendants are believed to have collectively received well over $1 million dollars to date from their exploitation of "Ron Artest" and "Never Lose Me."

Attorneys' Fees and Costs

27.     By reason of the wrongful acts of defendants, Plaintiff has been forced to retain the Law Offices of Larry Zerner to prosecute the present action.  As a result, Plaintiff will incur attorneys' fees in an amount yet to be fully ascertained, but which is reasonably expected to exceed Fifty Thousand Dollars ($50,000.00).

FIRST CLAIM FOR RELIEF

(For Copyright Infringement in the song "Ron Artest" against Defendants Gerreaux, Register, Hayes and Empire Distribution.)

28.     Plaintiff re-allege and incorporate by reference, as though set forth in full, paragraphs 1 through 26 above as though fully set forth herein.

29.     Defendants Gerreaux, Register, Hayes and Empire Distribution have infringed the copyright in the Composition by incorporating it into the song "Ron Artest" without authorization. Defendants have published, manufactured, and distributed copies of "Ron Artest." Defendants never paid Plaintiff, nor secured authorization for the use of the Composition in "Ron Artest" despite the fact that Plaintiff holds the exclusive license to use the Composition for recorded music.

Complaint

30.     Defendants, and each of them, have infringed the copyright in the Composition by incorporating it into the song "Ron Artest" without authorization. Defendants have published, manufactured, and distributed copies of "Ron Artest." Defendants never paid Plaintiff, nor secured the authorization for the use of the Composition in "Ron Artest."

31.     As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to its actual damages in addition to Defendants' profits that are attributable to the copyrighted material which amount is believed to be at least $1 million.

32.     Defendants threaten to continue to act as alleged above, and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury. The amount of compensation which would afford adequate relief to Plaintiff for such injury will be difficult to ascertain.  The wrongful acts of Defendants are of a continuing nature and will require a multiplicity of judicial proceedings. Accordingly, Plaintiff's remedy at law is inadequate, and Plaintiff is entitled to preliminary and permanent injunctive relief to enjoin the wrongful conduct of Defendants alleged above.

SECOND CLAIM FOR RELIEF

Complaint

(For Copyright Infringement in the song "Never Lose Me" against Defendants Gerreaux, Register, Hayes, Carter, Sony Music Entertainment and Empire Distribution.)

33.      Plaintiff re-allege and incorporate by reference, as though set forth in full, paragraphs 1 through 26 above as though fully set forth herein.

34.     Defendants Gerreaux, Register, Hayes, Carter, Sony Music Entertainment and Empire Distribution have infringed the copyright in the Composition by incorporating it into the song "Never Lose Me" without authorization. Defendants have published, manufactured, and distributed copies of "Never Lose Me." Defendants never paid Plaintiff, nor secured authorization from Plaintiff for the use of the Composition in any version of "Never Lose Me" despite the fact that Plaintiff holds the exclusive license to use the Composition for recorded music.

35.     Defendants, and each of them, have infringed the copyright in the Composition by incorporating it into the various versions of "Never Lose Me" without authorization. Defendants have published, manufactured, and distributed copies of various versions of "Never Lose Me." Defendants never paid Plaintiff, nor secured the authorization for the use of the Composition in any of the versions of "Never Lose Me."

Complaint

36.     As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to its actual damages in addition to Defendants' profits that are attributable to the copyrighted material, which amount is believed to be at least $1 million.

37.     Defendants threaten to continue to act as alleged above, and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury. The amount of compensation which would afford adequate relief to Plaintiff for such injury will be difficult to ascertain.  The wrongful acts of Defendants are of a continuing nature and will require a multiplicity of judicial proceedings. Accordingly, Plaintiff's remedy at law is inadequate, and Plaintiff is entitled to preliminary and permanent injunctive relief to enjoin the wrongful conduct of Defendants alleged above.

        WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

        1.     That Defendants be required to pay Plaintiff such damages as Plaintiff has sustained or will sustain by reason of Defendants' conduct, and to account for all gains, profits and advantages derived by Defendants from such conduct but in no event less than $1,000,000.

        2.     That all items which infringe Plaintiff's copyright be impounded surrendered up and forfeited to Plaintiff for destruction or other disposition.

Complaint

3.      That Defendants and Defendants' agents, servants, and employees, and each of them, and all persons acting in concert and participation with them, be enjoined and restrained during the pendency of this action and permanently thereafter from infringing any and all of the copyrights in his music by, among other things, acquiring, copying, manufacturing, distributing, and selling Plaintiff's music or any tracks that incorporate Plaintiff's music; and

4.   That Defendants be required to pay to Plaintiff its attorneys' fees and costs incurred in connection with the prosecution of this action; and

5.   For such other and further relief as the Court deems appropriate.

DATED: June 27, 2025          LAW OFFICES OF LARRY ZERNER

By: /s/Larry Zerner_____
      Larry Zerner
      Attorney for Plaintiff Shamar Deal

Complaint

<u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff Shamar Deal pursuant to Rule 38 of the Federal Rules of Civil

Procedure hereby demands trial by jury of all issues so triable in the present action.

DATED: June 27, 2025          LAW OFFICES OF LARRY ZERNER


By: __/s/Larry Zerner_____
Larry Zerner
Attorney for Plaintiff Shamar Deal

**Complaint**