David M. Given (Cal. Bar No.142375)
    dgiven@counselllp.com
COUNSEL LLP
230 California Street, Suite 201
San Francisco, California 94111
Telephone: 415-227-0555
Attorneys for Defendant
EMPIRE DISTRIBUTION, INC.

Peter Anderson, Esq. (Cal. Bar No. 88891)
    peteranderson@dwt.com
Daniel Imakyure, Esq. (Cal. Bar No. 356869)
    danielimakyure@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899
Attorneys for Defendant
SONY MUSIC ENTERTAINMENT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SHAMAR DEAL,<br><br>               Plaintiffs,<br><br>vs.<br><br>GERALD HENRY, *etc., et al.*,<br><br>               Defendants. | ) Lead Case No. 2:25-cv-05872-AB-E<br>) Case No. 2:25-cv-11781-AB-E<br>)<br>)<br>) DEFENDANTS' REPLY<br>) MEMORANDUM OF POINTS AND<br>) AUTHORITIES IN FURTHER<br>) SUPPORT OF MOTION TO DISMISS<br>)<br>) Date: May 22, 2026<br>) Time: 10:00 a.m. |

Courtroom of the Honorable
André Birotte Jr.
United States District Judge

# **TABLE OF CONTENTS**

1.    SUMMARY OF REPLY ................................................................................1

2.    THE MOTION TO DISMISS SHOULD BE GRANTED............................2

    (a)    Plaintiff Lacks Statutory Standing to Sue for Copyright Infringement Because the Alleged License Is Not Signed by the Alleged Grantor or the Grantor's Duly Authorized Agent ...................2

        (1)    Plaintiff's Argument That a License May Only Be Challenged by the Parties to the License Fails for Multiple Reasons........................................................................2

            (i)    Defendants Are Entitled to Invoke Section 204(a) and Challenge Plaintiff's Standing ..................................2

            (ii)    Gerreaux's License of *Youu* to Others Is a Direct Repudiation of His Alleged License to Plaintiff ..............3

            (iii)    Defendants Are Not Mere Third Parties; Instead Plaintiff Alleges They Claim Rights in *Youu* Under a Conflicting Chain of Title ..............................................5

        (2)    Plaintiff's New and Implausible Assertion That Nick George Is Authorized to Sign Agreements Between His Website's Users Also Fails ........................................................5

        (3)    Nothing in the Complaints or the Alleged License Establishes Gerreaux's Intent to Be Bound by an E-Signature........................................................................................6

    (b)    Plaintiff Argues that Listening to *Youu* Gives Fair Notice of the Copying but He Omits He Failed to Provide *Youu*—Which Was Never Publicly Released—Until After Defendants Filed This Motion ........................................................................................................8

3.    CONCLUSION...............................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*,
   870 F.3d 978 (9th Cir. 2017) ........................................................................2, 3

*Effects Assocs., Inc. v. Cohen*,
   908 F.2d 555 (9th Cir. 1990) ...........................................................................2

*Imperial Residential Design, Inc. v. Palms Dev. Grp., Inc.*,
   70 F.3d 96 (11th Cir. 1995) .............................................................................2

*Jules Jordan Video, Inc. v. 144942 Canada Inc.*,
   617 F.3d 1146 (9th Cir. 2010) ......................................................................2, 3

*Metropolitan Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*,
   722 F.3d 591 (4th Cir. 2013) ...........................................................................7

*SA Music LLC v. Apple, Inc.*,
   592 F. Supp. 3d 869 (N.D. Cal. 2022) .............................................................3

*Sisyphus Touring, Inc. v. TMZ Prods., Inc.*,
   208 F. Supp. 3d 1105 (C.D. Cal. 2016) ...........................................................7

*Yellowcake, Inc. v. Morena Music, Inc.*,
   522 F. Supp. 3d 747 (E.D. Cal. 2021) ...................................................... 3, 4, 5

**Statutes**

15 U.S.C. § 7006(5) ...............................................................................................8

17 U.S.C. § 204(a).................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 12(b)(6)......................................................................................4, 6

**Other Authorities**

3 M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT (2026)..............................6, 7

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

## 1.    SUMMARY OF REPLY

Empire and Sony Music's Motion to Dismiss (Doc. 50) showed that Plaintiff lacks standing to sue for copyright infringement because Gerreaux did not sign the alleged license by which he allegedly assigned to Plaintiff exclusive rights to *Youu*. Plaintiff's Opposition raises as his primary legal argument that Empire and Sony Music are mere third-party alleged infringers and, as result, cannot challenge a license that Gerreaux supposedly does not dispute.  But—among other problems with that argument—Plaintiff concedes his argument away by expressly admitting that Empire and Sony Music are entitled to challenge Plaintiff's standing by showing that the alleged license fails to comply with Section 204(a) of the Copyright Act, which they have done.

The balance of Plaintiff's Opposition, including his lawyer's Declaration, go far beyond the four corners of Plaintiff's complaints in these two consolidated actions. Despite never even mentioning in his complaints one Nick George—whose signature appears on the alleged license—Plaintiff now claims his lawyer's "understanding" based on a telephone call with Mr. George, is that Mr. George owns Traktrain and somehow has authority to sign agreements on behalf of his website's users.  But the Traktrain website's terms and conditions—that is, its contract with those users—do not grant Mr. George or Traktrain that authority.  Plaintiff then goes on to contend that despite his complaints never mentioning electronic signatures or texts, Gerreaux supposedly electronically signed the alleged license and later confirmed a "sale" by text.

To save his case, Plaintiff seeks leave to amend to allege the facts he has so far failed to allege.  While amendment may be futile, that is exactly what Empire's and Sony Music's counsel suggested before and in the Local Rule 7-3 pre-filing conference.  In the meantime, however, his complaints' defects remain and the Motion to Dismiss should therefore be granted.

1

**2.    THE MOTION TO DISMISS SHOULD BE GRANTED**

**(a)    Plaintiff Lacks Statutory Standing to Sue for Copyright Infringement Because the Alleged License Is Not Signed by the Alleged Grantor or the Grantor's Duly Authorized Agent**

Plaintiff does not dispute that he lacks standing to sue for the alleged infringement of *Youu* if he did not acquire from Gerreaux exclusive rights to *Youu*, and that Plaintiff could only have acquired those exclusive rights by a writing signed by Gerreaux or his duly authorized agent.  17 U.S.C. § 204(a); Defs' Memo. (Doc. 50-1) at 4 ("The rule is really quite simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so.") (quoting *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990)).  Plaintiff's attempts to avoid that rule all fall short.

**(1)    Plaintiff's Argument That a License May Only Be Challenged by the Parties to the License Fails for Multiple Reasons**

**(i)    Defendants Are Entitled to Invoke Section 204(a) and Challenge Plaintiff's Standing**

Plaintiff relies on *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146 (9th Cir. 2010), and an out-of-Circuit case, *Imperial Residential Design, Inc. v. Palms Dev. Grp., Inc.*, 70 F.3d 96 (11th Cir. 1995), for the proposition that non-parties to a license may not challenge the license if the parties to it do not.  Pltf's Oppn. (Doc. 51) at 2, 7.  But in this Circuit, "[a]lthough a third party may not raise noncompliance with 17 U.S.C. § 204(a)'s writing requirement as a defense to a copyright transfer where the parties to the transfer do not dispute its existence [citing *Jules Jordan*, 617 F.3d at 1157], a third party is not foreclosed from challenging a plaintiff's ownership for purposes of standing…." *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 986 (9th Cir. 2017) (emphasis added).

After citing *Jules Jordan* for the proposition that it would be unwarranted to allow third party infringers to raise Section 204(a), Plaintiff represents to the Court

2

that "California district courts have repeatedly applied this principle to reject motions by third-party infringers invoking § 204(a)." Pltf's Oppn. at 7:11-20. But the three cases he cited for that proposition all confirmed that a third-party infringer *may* raise non-compliance with § 204(a). *Id.* at 7:20-26 (citing *SA Music LLC v. Apple, Inc.*, 592 F. Supp. 3d 869, 893 (N.D. Cal. 2022) ("According to [plaintiffs], a third-party cannot challenge the validity of a transfer of a copyright when the parties to the transfer do not contest it …. The plaintiffs are incorrect."; Apple entitled to "defend itself by showing that the plaintiffs cannot sue for infringement"); *Yellowcake, Inc. v. Morena Music, Inc.*, 522 F. Supp. 3d 747, 761 (E.D. Cal. 2021) (defendants "may invoke § 204(a) as a challenge to standing."); *DRK Photo*, 870 F.3d at 986 (same).

Indeed, Plaintiff concedes Defendants "may challenge Plaintiff's ownership [of the *Youu* copyrights] 'for purposes of standing.'" Pltf's Oppn. at 8:22-24 (quoting *DRK Photo*, 870 F.3d at 986). And that is exactly what Defendants are doing. *See* Defs' Notice of Motion (Doc. 50) at 1 ¶ 2 ("Plaintiff lacks the exclusive rights necessary to have statutory standing to sue for copyright infringement."); Defs' Memo. at 4-6.

Contrary to Plaintiff's argument, Empire and Sony Music are entitled to challenge Plaintiff's standing by raising that the alleged license does not comply with Section 204(a).

> **(ii)   Gerreaux's License of *Youu* to Others Is a Direct Repudiation of His Alleged License to Plaintiff**

Despite admitting that Defendants may invoke Section 204(a) to challenge Plaintiff's standing, Plaintiff persists in arguing that because Gerreaux supposedly "has never disputed" the validity of the claimed license, Defendants—as "third party infringers"—cannot challenge the license's validity. Pltf's Oppn. at 7-8. But Plaintiff nowhere alleges in any of his three complaints to date that Gerreaux does not deny the license. Quite the contrary, Plaintiff alleges that after supposedly granting the license to Plaintiff, "Gerreaux licensed the Beat to the recording artists Babyface Ray and 42

3

Dugg….” <u>FAC at 2 ¶ 2</u>.[1] It is difficult to imagine a more direct repudiation of the alleged license of exclusive rights in *Youu* to Plaintiff, than for Gerreaux to license rights in *Youu* to another.

Yellowcake*, cited by Plaintiff, is directly on point. There, the plaintiff claimed rights under a grant by someone who also granted the same rights to others. In rejecting the argument that there was no dispute between the plaintiff and its grantor, the Court recognized that the fact that the grantor “has purportedly transferred his rights twice to two different entities does not demonstrate the absence of a conflict between [the grantor] and [the first grantee], far from it…. [T]he fact that [the grantor] entered into a written agreement with [the second grantee] indicates that [the grantor] believed that he had not transferred his ownership interests to [the first grantee].” <u>Yellowcake, 522 F. Supp.3d at 761</u>. Likewise, Plaintiff's allegations that Gerreaux licensed rights in *Youu* to Babyface Ray and 42 Dugg “is indicative of a dispute between” Gerreaux and Plaintiff. *Id.*

While Plaintiff is entitled to reasonable inferences, the court's reasoning in *Yellowcake* applies here and confirms that the only reasonable inference from Plaintiff's allegation that Gerreaux licensed conflicting rights in *Youu* to Babyface Ray and 42 Dugg, is that Gerreaux does not believe he transferred exclusive rights in *Youu* to Plaintiff. On this <u>Rule 12(b)(6)</u> Motion, Plaintiff cannot avoid what he pleaded by offering his counsel's Declaration that his “understanding” is that Gerreaux has not disputed the alleged license. <u>L. Zerner Decl. (Doc. 52-1) at 3 ¶ 5</u>.

Plaintiff's *pleaded allegations* that Gerreaux violated the exclusive license he allegedly granted Plaintiff, trump Plaintiff's *argument* that Gerreaux does not dispute that alleged license. For this independent reason, Plaintiff cannot rely here on its

---

[1]    As with their opening Memorandum and because the allegations in Plaintiff's complaints in the Actions are nearly word-for-word identical, Defendants cite to the First Action's First Amended Complaint when the Second Action's Complaint contains the same allegations. *See* <u>Defs' Memo. at 2-3</u>.

argument that third parties cannot challenge a license that is uncontested by the parties to the license.

> **(iii)    Defendants Are Not Mere Third Parties; Instead Plaintiff Alleges They Claim Rights in _Youu_ Under a Conflicting Chain of Title**

In addition, Plaintiff's assertion that Defendants are mere third-party alleged infringers ignores that Plaintiff pleads two conflicting chains of title.  The first chain of title is (1) Gerreaux to (2) Plaintiff.  _See_ FAC at 2 ¶ 1, and at 5 ¶ 12, 15.  The second chain of title Plaintiff pleads is (1) Gerreaux to (2) Babyface Ray and 42 Dugg for Empire's _Ron Artest_ and then to (3) defendant Carter for _Never Lose Me_.  _Id._ at 2 ¶¶ 2-3, and at 5-6 ¶¶ 15-18).  As in _Yellowcake_, "the Court is faced with competing claims from two entities who claim ownership in copyrights through a common transferee who transferred the copyrights twice."  _Yellowcake_, 522 F. Supp. 3d at 761.

Simply put, this is a dispute between licensees of the same licensor.  Plaintiff identifies no case applying to conflicting licensees the principle that third parties cannot challenge another's ownership.  Indeed, if that were the law—it is not—than Plaintiff could not challenge Gerreaux's license to Babyface Ray and 42 Dugg because Plaintiff is not a party to that license.  Plaintiff's challenge of Gerreaux's license to them is an admission that Defendants may challenge the alleged license from Gerreaux to Plaintiff.

For this additional and independent reason, "it is appropriate for [the second grantees] to raise the issue of compliance with § 204(a)."  _Yellowcake_, 522 F. Supp.3d at 761.

> **(2)    Plaintiff's New and Implausible Assertion That Nick George Is Authorized to Sign Agreements Between His Website's Users Also Fails**

Defendants' Motion raised that the alleged license does not bear Gerreaux's signature and the only signature is by "Nick George," who Plaintiff's complaints do

not identify, let alone allege was Gerreaux's "duly authorized agent." 17 U.S.C. § 204(a); Defs' Memo. at 5. Despite the limits of Rule 12(b)(6), Plaintiff offers his counsel's Declaration that, after speaking with Mr. George, he "understand[s] that [Mr. George] is the owner of Traktrain and has the authority to sign agreements on behalf of Traktrain and the artists who post beats on the site." L. Zerner Decl. at 3 ¶ 6.

It is not plausible that the owner of a website would have authority to sign agreements on behalf of the buyers and sellers who use his website. More fundamentally, none of that appears in Plaintiff's complaints, which nowhere even mention Mr. George. And Traktrain's 2019 terms of use—expressly an integrated writing that sets forth the contract between Traktrain and those who use the website— nowhere authorizes Mr. George or Traktrain to grant licenses on behalf of its website's users. *See* D. Given Decl. (Doc. 50-2) at 1 ¶ 3, and Ex. 2 (Doc. 50-4); *see also* 3 M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT § 10.03[A][4] (2026) ("Presumably, being 'duly authorized' requires something much more than casual oral permission.").

Plaintiff's complaints fail to plead that Mr. George signed the license as the "duly authorized agent" of Gerreaux. 17 U.S.C. § 204(a). Plaintiff's submission of his counsel's "understanding" of Mr. George's authority does not change the complaint's failure to plead that authority and conflicts with Traktrain's terms of use.

**(3)  Nothing in the Complaints or the Alleged License Establishes Gerreaux's Intent to Be Bound by an E-Signature**

Apparently hedging his bet in case the Court does not accept his argument that Mr. George signed the alleged license on Mr. Gerreaux's behalf, Plaintiff also argues that Mr. Gerreaux signed the alleged license electronically. Of course, Plaintiff pleads no such thing.

There are both federal and California statutes that provide for electronic signatures, and Plaintiff has found two cases that concluded electronic signatures may satisfy Section 204(a)'s requirement of a signed writing in order to transfer exclusive

copyright rights. Pltf's Oppn. at 10 (citing *Sisyphus Touring, Inc. v. TMZ Prods., Inc.*, 208 F. Supp. 3d 1105, 1113 (C.D. Cal. 2016) and *Metropolitan Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 601 (4th Cir. 2013)); *but see* 3 NIMMER ON COPYRIGHT § 10.03[A][1][b] (discussing issues as to whether electronic signatures satisfy § 204(a)). Plaintiff argues in his Opposition that Gerreaux signed the alleged license electronically. Setting aside whether that is even possible, Plaintiff nowhere alleges in his complaints that Gerreaux signed the alleged license, let alone that he signed it electronically.

Nor is it apparent from the alleged license that it was signed by Gerreaux electronically. Plaintiff relies on *Sisyphus Touring*, where the electronic signature was the putative grantor's pseudonym in an e-mail. 208 F. Supp. 3d at 1113 ("Munaf, using the pseudonym 'Jake Miller,' wrote via email to Hendry he agreed to the terms of the agreement and the email was signed 'Jake Miller Freelace Artist' [and] Munaf [had] to click the 'send' button and the email had 'Jake Miller' written at the bottom, purporting to be Munaf's signature."). Here, the alleged license is a "License Agreement" and nowhere signed by Gerreaux. There is nothing to indicate he agreed to the alleged license's terms or even intended to send or deliver it to anyone.

As for *Metropolitan Reg'l*, it involved a website that allowed a user to click "yes" in response to the plaintiff's electronic terms of use. *Metropolitan Reg'l*, 722 F.3d at 601. Plaintiff's complaints and even his Opposition do not claim that Traktrain's website had that feature in 2019, and no such feature is mentioned in TrakTrain's terms of use. D. Given Decl. Ex. 2. Quite the contrary, those terms of use's sole reference to an electronic signature is to report an alleged copyright infringement. *Id.* at 2. Nor does Plaintiff alleged anywhere that Gerreaux clicked "yes" to agree to the alleged license.

Plaintiff also raises that an electronic signature can be "an electronic sound, symbol, or process … executed or adopted by a person with the intent to sign the record." Pltf's Oppn. at 9-10 (quoting 15 U.S.C. § 7006(5)). But nowhere does

Plaintiff—in his complaints or in his Opposition—identify any sound, symbol, or process that Gerreaux supposedly executed or adopted with the intent to sign the alleged license.

The alleged license is not signed by Gerreaux and Plaintiff has filed three complaints without ever alleging that Gerreaux signed the alleged license electronically.  Again, the Motion should be granted.

**(b)**    **Plaintiff Argues that Listening to *Youu* Gives Fair Notice of the Copying but He Omits He Failed to Provide *Youu*—Which Was Never Publicly Released—Until After Defendants Filed This Motion**

Plaintiff argues that Defendants were on fair notice of what was allegedly copied from Gerreaux's *Youu* because they need only compare *Youu* to *Ron Artest* and *Never Lose Me*.  *See, e.g.*, Pltf's Oppn. at 3.  But *Youu* has never been publicly released; defense counsel told Plaintiff's counsel before and during the Local Rule 7-3 pre-fling conference that the recordings titled *Youu* they found sound nothing like *Ron Artest* or *Never Lose Me*;[2] and it was not until eleven days after Defendants filed their Motion that Plaintiff's counsel e-mailed them an MP3 file of the allegedly copied *Youu*.

Plaintiff could and should have provided fair notice in his complaints of the nature of the claimed copying—none of his complaints include the link to *Youu* that he now includes in his Opposition—or at least provided *Youu* to defense counsel before rather than after they filed the Motion.  In the meantime, Plaintiff's complaints rely on conclusory assertions and should therefore be dismissed.

///

---

[2]    *See, e.g.*, *Youu*, *Youu*, *Youu*, *Youu*, *Youu*, *Youu*, *Youu*, *Youu*, and *Youu*. Plaintiff includes at page 3 of his Opposition a link to a posting he identifies as *Youu*, but Defendants' searches for *Youu* or *Youu* with Gerreaux did not find that posting because the posting does not include the word, Youu.  *See* https://www.youtube.com/watch?v=vW9soo4NXPI.  All of the foregoing hyperlinked webpages were last accessed on May 8, 2026).

## 3.    <u>CONCLUSION</u>

Empire and Sony Music respectfully submit that their Motion should be granted, and Plaintiff's First Amended Complaint in the First Action and his Complaint in the Second Action should be dismissed.

Dated: May 8, 2026

/s/ David M. Given

David M. Given, Esq.

COUNSEL LLP

Attorneys for Defendant

EMPIRE DISTRIBUTION, INC.

Dated: May 8, 2026

/s/ Peter Anderson

Peter Anderson, Esq.

DAVIS WRIGHT TREMAINE LLP

Attorneys for Defendant

SONY MUSIC ENTERTAINMENT

### <u>Attestation Regarding Signatures</u>

The undersigned attests that all signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized its filing.

Dated: May 8, 2026

/s/ Peter Anderson

Peter Anderson, Esq.

9